Ludeling, C. J.
The defendant sold by public act to plaintiff a *635 tract of land, and retains a vendor’s privilege and a mortgage to secure tlie credit portion of the price. Before the maturity of the last note, the plaintiff injoined the defendant from suing her or foreclosing his mortgage, and in the same suit prayed for the rescission of the sale, on the grounds substantially that the property belonged to the community of R.. T. Buckner and his wife, and that after the death of Buckner’s wife, he could not sell the property, as he had a child, a minor, who owned an undivided half of the community property. The defendant moved to dissolve the injunction on the face of the papers, and afterward alleged in his answer that' the suit was premature; that she had not tendered him a title of the property, and that she was in the undisturbed possession of the property, etc.
There was judgment in favor of the defendant and plaintiff appealed.
The plaintiff fails to set forth a cause of action in her petition. It has been decided by this court that the surviving husband, the head of the community, may sell community property, after the death of his wife. The title of the property stands in Ms name on the records of the parish where the property is situated, and he is personally bound for the debts of the community. Besides, she is not disturbed in her possession or threatened with eviction. 26 An. 219; 17 La. 27; 2 An. 460; C. C. 2560.
It is therefore ordered that the judgment appealed from be affirmed, with costs of appeal. It is further ordered that the defendant’s rights to sue for damages for wrongfully suing out the injunction be reserved.